The opinion of the court, (Tilghman, C. J. being absent,) was delivered by,
Duncan, J.
Several errors have been but as this judgment is reversed, and a venire facias de nova will not be awarded, it is not made the duty of the court, as the points nowr made were not made in the Court of Common Pleas, to give their opinion on every point and exception now taken, and in this case several of the exceptions do not appear distinctly on the record, nor arise on the state of the pleadings: the court will only take notice of the third error assigned. The writ of scire facias issued in this case is in the nature of an original action. The scire facias is a declaration, and the breaches should be assigned with as much certainty as the law requires in a declaration,- or suggestion of *233 breaches on the reeord under the statute of William. The condition of the recognizance is, that the sheriff shall duly execute all process directed to him, and pay over on request to the several suitors and parties interested in the execution, their attornies, factors, agents, or assigns all such monies respectively to them belonging, as shall come to his hands, &c. The act prescribes a form of proceeding. “Whenever the commonwealth or any individual shall be aggrieved by the misconduct of any sheriff, it shall and may be lawful to institute a scire facias, on such recognizance against such sheriff and the sureties, their heirs, executors or administrators, and if on such suits, it shall be proved that damages have been sustained, and a verdict and judgment shall be thereupon given, execution shall issue for so much only as shall be found by the said verdict and judgment, which suits may be instituted, and like proceedings thereupon be had, as often as damages shall be as aforesaid sustained.55 This is a new course adopted by the legislature; instead of a judgment in the name of the commonwealth against the sheriff and his sureties for the penalty of the recognizance for the use of all the suitors, in which each afterwards proceeds by scire facias to recover his own peculiar damages, as is usual in official bonds, each suitor may bring in the name of the commonwealth for his use an original scire facias, assigning the breach by which he complains he was aggrieved, and recover a judgment 'for that amount. But that must state quomodo he was damnified, in what action or legal proceeding the sheriff violated his duty, received the money of the person for whose benefit the action is brought. Nothing of this kind is to be found in this writ, which only states, ' that John Withrow, the sheriff hath not paid or caused to be paid to the several suitors and parties interested in the execution of the writs or process to him committed, or to their lawful attornies, factors, &c. the several sums of money to them z’espectively belonging, especially to one John M. Austin, as the court is informed by his insinuation. What sum of money — in what action recovered — how recovered ? Who recovered the writ does not state. How could the defendants,particularly thesurety,come prepared to answer so uncertain and vaguean insinuation as this, and how, in the nazne of common sense, could they plead this recovery in bar of any future action John M. Austin might choose to institute ? The law delights in certainty. The great object of all pi'oeeedings is, to reduce the matter in dispute to some definite point, either of law or fact. What issue, what suit would a juz'y he sworn to try in this case ? Only 'the amount of the recognizance could be recovered, though the damages sustained by all the suitors might exceed that amount. How then in answer to a scire facias could the sureties • plead, that there had been already recovered from them by other suitors the whole amount of their recognizance, for it would be incumbent on them not only to show the recovery, but on what ae *234 count, on what process the sheriff had rendered himself liable. The scire facias is substantially and incurably vicious, and the judgment on it erroneous. These two cases are the same in terms on this point, and the judgments in both are reversed.
Judgment reversed.